## Ex Parte Pinto.

### Appeal from the District Court of San Juan.

No. 74.—Decided April 4, 1904.

Dominion Title—Original Petition Instituting Proceedings.—Although in the original petition for the institution of proceedings to establish the ownership of real estate, it should be stated whether or not petitioner has a written dominion title, nevertheless, the petition having been admitted without such requisite, and without objection on the part of the court or *Fiscal*, it is not proper, after all legal proceedings have been had, to deny approval of the proceedings for want of such requisite, compliance with which should have been ordered by the court in due season.

Id.—Possession to Acquire Ownership.—Quiet and peaceable possession for a period of twenty-three years, under a title obtained by purchase, is more than sufficient to acquire the ownership of real estate by prescription, since possession for six years in good faith and under a proper title is all that is required for this purpose.

## EXPOSICIÓN DEL CASO.

En los autos promovidos en el Tribunal de Distrito de San Juan, por el abogado Don Damián Monserrat y Simó á nombre de Doña Ignacia Pinto, sobre información de dominio de una finca rústica, pendientes ante *nos* á virtud del recurso de apelación interpuesto por la promovente contra la sentencia dictada por el referido Tribunal, en 15 de Julio último, por la que se declaró no haber lugar á la declaratoria de dominio solicitada por la peticionaria.

*Resultando*: que el abogado Don Damián Monserrat y Simó, á nombre de Doña Ignacia Pinto, promovió expediente ante el Tribunal del Distrito de San Juan para justificar el dominio de un predio de terreno compuesto de diez y media cuerdas sito en el barrio de la Candelaria, del Término Municipal de Toa Baja, de ciento cinco dollars de valor y que había adquirido por compra á Doña Maximina Martínez en 18 de Mayo de 1881, expresando carecer de título de dominio ''inscrito''.

*Resultando*: que conferida vista de la anterior solicitud al Fiscal del Tribunal, la evacuó manifestando que no veía inconveniente en que se practicara la prueba propuesta por la promovente; y que admitida la información propuesta, publicados los edictos convocando á las personas ignoradas á quienes pudiera perjudicar la inscripción solicitada, y corridos todos los demás trámites legales del expediente, declararon los testigos Don Genaro Dávila y Don Antonio Montañez, mayores de edad y vecinos del barrio de Candelaria donde radican los terrenos, que era cierto y les constaba que Doña Ignacia Pinto había adquirido por compra en el año 1881 de Doña Maximina Martínez el terreno de que se trata y que desde aquella fecha había venido poseyéndolo quieta y pacíficamente y sin oposición alguna.

*Resultando*: que convacados la promovente y el Fiscal, únicas partes interesadas en este expediente, para una com-

## STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of San Juan by Attorney Damián Monserrat y Simó on behalf of Ignacia Pinto, for the purpose of determining the ownership of a rural estate, which case is pending before us on appeal taken by the petitioner from the judgment rendered by aforesaid court on July 15, last, in which the application for the declaration of ownership was denied.

Attorney Damián Monserrat y Simó, on behalf of Ignacia Pinto, instituted proceedings in the District Court of San Juan, for the purpose of establishing her ownership of a tract of land consisting of 10½ *cuerdas*, situated in *barrio* "Candelaria," within the municipal district of Toa Baja, valued at one hundred and five dollars, which she acquired through purchase from Maximina Martínez on May 18, 1881, stating that she had no recorded title.

The aforesaid application having been referred to the *Fiscal* of the court, it was returned by him with the statement that he saw no objection to the taking of the evidence proposed by the petitioner. The inquiry applied for was allowed, and a call issued for the unknown persons whom the desired record might prejudice. All the other legal formalities having been complied with, the witnesses, Genaro Dávila and Antonio Montañez, of age and residents of *barrio* "Candelaria," where the land is situated, testified that it was true and personally known to them that Ignacia Pinto had acquired the land in question by purchase of Maximina Martínez, in the year 1881, and that since then she had been in quiet and peaceable possession thereof, without opposition.

The petitioner and the *Fiscal*, the only parties interested in the proceedings, having been summoned to a verbal hear-

parecencia verbal, á fin de que en ella alegaran lo que creyeran pertinente á sus respectivos derechos, y no habiendo comparecido ninguno de los interesados, dictó sentencia el Tribunal de Distrito de San Juan en 15 de Julio último, resolviendo no haber lugar á declarar el dominio interesado por la peticionaria Doña Ignacia Pinto, alegando como único fundamento de dicha resolución, ''que sólo pueden ampararse en las prescripciones del título 14 de la Ley Hipotecaria los propietarios que carezcan de título de dominio escrito, circunstancia que por lo menos hay que hacer constar en el escrito inicial del procedimiento, no bastando alegar la carencia de título inscrito''.

*Resultando*: que contra esta sentencia interpuso apelación la representación de la parte promovente, la que le fué admitida libremente y en ambos efectos; y que elevados los autos á esta Superioridad con citación y emplazamiento de las partes, y personada la apelante, se dió al recurso la tramitación correspondiente y se señaló día para la vista, á cuyo acto sólo asistió el Fiscal de este Tribunal que impugnó el recurso.

Abogado del apelante: *Sr. Monserrat.*

Abogado del Pueblo: *Sr. del Toro* (Fiscal).

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando*: que si bien en el escrito inicial de estas informaciones de dominio, debe expresarse si el promovente carece ó no de título de dominio escrito, y que no basta expresar que se carece de título inscrito, habiendo admitido el Tribunal la información propuesta sin aquel requisito, no procede hoy, después de corridos todos los trámites del informativo, desestimarlo de oficio, por un defecto de forma que el Tribunal pudo y debió corregir al iniciarse el expediente, rechazando de plano la información propuesta.

*Considerando*: por otra parte que Doña Ignacia Pinto ha

ing for the purpose of alleging therein whatever might be deemed pertinent to their respective rights, and neither of the parties interested having appeared, the District Court of San Juan rendered judgment on July 15th, last, deciding that it was not competent to make the declaration of owner-ship applied for by the petitioner, Ignacia Pinto, and speci-fied as sole ground for said decision "that only owners who have no written title of ownership can avail themselves of the provisions of title XIV of the Mortgage Law, which fact, at least, should be stated in the petition instituting the proceedings, it not being sufficient to allege the lack of a recorded title."

From this decision the attorney for the petitioner took an appeal, which was allowed for a review and stay of proceed-ings. The record being duly forwarded to this Supreme Court with citation of the parties, and the appellant having appeared, the case was conducted under the proper proce-dure, and a day set for the hearing, at which the only one to appear was the Fiscal of this court, who opposed the appeal.

Mr Monserrat, for the appellant.

Mr. del Toro, Fiscal, for the People.

MR. CHIEF JUSTICE QUIÑONES, after making the above statement of facts, delivered the opinion of the court.

Although in the initial written petition calling for the institution of proceedings to establish ownership it should be stated whether or not the petitioner has a written dominion title, the statement that he has no recorded title being insufficient for the purpose, the court having allowed the inquiry applied for without such requisite, it cannot now, after having gone through all the stages of the proceeding, dismiss it on its own motion by reason of a defect of form which the court could and should have corrected at the com-mencement thereof, by absolutely refusing to allow the inquiry applied for.

On the other hand, Ignacia Pinto has shown by the con-

acreditado con las declaraciones de dos testigos contestes, mayores de edad y vecinos de la localidad donde radican los terrenos, que la promovente los adquirió por compra á Doña Maximina Martínez desde el año de 1881, ó sea hace el espacio de veinte y tres años, y que desde entonces los ha venido poseyendo quieta y pacíficamente, requisitos más que suficientes para adquirir por prescripción el dominio de los bienes inmuebles, con arreglo al Artículo 1957 del antiguo Código Civil y la Orden Judicial de 4 de Abril de 1899, que sólo requiere para aquel efecto seis años de posesión contínua, con buena fé y justo título.

*Vistas* las citadas disposiciones legales y el Artículo 395 de la Ley Hipotecaria vigente.

*Fallamos*: que debemos revocar y revocamos la sentencia apelada, aprobando la información propuesta y declarando que Doña Ignacia Pinto ha justificado el dominio del terreno reseñado en el escrito inicial de este expediente, mandando se le expida copia certificada de la presente resolución y de las demás constancias que solicite para su inscripción en el Registro de la Propiedad.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

curring testimony of two witnesses of legal age and residents of the locality in which the land is situated, that the petitioner had acquired the same by purchase from Maximina Martínez in the year 1881, that is, some twenty-three years ago, from which time she has been in quiet and peaceable possession thereof, which requisites are more than sufficient to acquire, by prescription, ownership of real property, according to article 1957 of the old Civil Code, and Judicial Order of April 4, 1899, which requires for said purpose only an uninterrupted possession for six years, in good faith and with proper title.

In view of the legal provisions cited, and article 395 of the Mortgage Law in force, we adjudge that we should reverse and do reverse the judgment appealed from and approve the desired proceedings to establish ownership; and declaring that Ignacia Pinto has proved her ownership of the land specified in the petition instituting these proceedings, we order that a certified copy of the present decision be issued to her, together with such other data as she may desire for purposes of its admission to record in the Registry of Property.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.